UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
TINA ESPERANZA, REIGGE EDWARD, ASHA
ASHARAFAN, and LESLY BRIGGS

                                Plaintiffs,                **AMENDED COMPLAINT**

    -against-

                                                         PLAINTIFFS DEMAND
THE CITY OF NEW YORK, POLICE OFFICER         TRIAL BY JURY
NINA MCKENZIE, Shield #25366, POLICE
OFFICER LAZO LLUKA, Shield #22410, POLICE    Case No.: 15-CV-2612
OFFICER TAISHA SKYERS-ANDERSON, Shield
#19146, SGT. ALFRED KELLEY, Shield #01974,
POLICE OFFICER ROBERT SCHMIDT, Shield #28045,
POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                                Defendants.
_____X

       Plaintiffs TINA ESPERANZA, REIGGE EDWARD, ASHA ASHARAFAN, and LESLY BRIGGS, for their amended complaint, by their attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully allege as follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiffs TINA ESPERANZA (hereinafter "ESPERANZA"), REIGGE EDWARD (hereinafter "EDWARD"), ASHA ASHARAFAN (hereinafter "ASHARAFAN"), and LESLY BRIGGS (hereinafter "BRIGGS") seek damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. It is alleged that Defendants falsely arrested EDWARD and ASHARAFAN, and assaulted ESPERANZA and BRIGGS with excessive force. As a result of the excessive force used by Defendants, Plaintiffs suffered physical and mental injuries.

## II. PARTIES

2. Plaintiff ESPERANZA at all times relevant hereto resided in Brooklyn, NY.

3. Plaintiff EDWARD at all times relevant hereto resided in Brooklyn, NY.

4. Plaintiff ASHARAFAN at all times relevant hereto resided in Brooklyn, NY.

5. Plaintiff BRIGGS at all times relevant hereto resided in Brooklyn, NY.

6. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

7. Defendant POLICE OFFICER NINA MCKENZIE, Shield #25366 (hereinafter "MCKENZIE") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. MCKENZIE is sued in her official and individual capacity.

8. Defendant POLICE OFFICER LAZO LLUKA, Shield #22410 (hereinafter "LLUKA") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. LLUKA is sued in his official and individual capacity.

9. Defendant POLICE OFFICER TAISHA SKYERS-ANDERSON, Shield #19146 (hereinafter "SKYERS") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. SKYERS is sued in her official and individual capacity.

10. Defendant SGT. ALFRED KELLEY, Shield #01974 (hereinafter "KELLEY") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent,

servant, and/or employee of Defendant CITY and within the scope of their employment. KELLEY is sued in his official and individual capacity.

11. Defendant POLICE OFFICER ROBERT SCHMIDT, Shield # 28045 (hereinafter "SCHMIDT") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. SCHMIDT is sued in his official and individual capacity.

12. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of his employment. DOE(S) are sued in his official and individual capacity.

13. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

III. FACTS

14. On or about May 7, 2014, at approximately 4:00 p.m., EDWARD and BRIGGS were present in the vicinity of 1184 President Street, Brooklyn, NY.

15. Defendant officers, including but not limited to MCKENZIE, LLUKA, and SKYERS, approached EDWARD, who was working on his vehicle. Defendants requested paperwork for the vehicle from EDWARD.

3

16. EDWARD returned with the paperwork. Defendant officers told EDWARD he was going to be arrested and to call someone to get his children, or defendants would call ACS. EDWARD called ESPERANZA.

17. Defendant officers used excessive force on EDWARD handcuffed him and put him in a police vehicle. EDWARD was transported to the 71st Precinct.

18. ESPERANZA and ASHARAFAN arrived on the scene and ESPERANZA spoke with Defendant officers.

19. Defendant officers used excessive force on plaintiffs.

20. Defendant officers handcuffed ASHARAFAN and placed her in a police vehicle. Officers transported ASHARAFAN to the 71st Precinct.

21. ASHARAFAN suffered injuries, including but not limited to her right leg, and required treatment at Methodist Hospital.

22. BRIGGS suffered injuries, including but not limited to his left leg, and required treatment at Kings County Hospital.

23. EDWARD and ASHARAFAN were detained in the 71st Precinct for approximately ten hours.

24. While at the 71st Precinct, Officers had a male prisoner strip in front of ASHARAFAN, a minor at that time, in an open bathroom stall next to the holding cell ASHARAFAN was in.

25. EDWARD and ASHARAFAN were brought to Central Booking, where they were detained for approximately 15 hours prior to being arraigned.

26. EDWARD was charged with TR 4-08, Illegal Parking, and VTL 402.1, Illegal Plates. EDWARD received an Adjournment in Contemplation of Dismissal at the arraignment.

27. Upon information and belief, ASHARAFAN was charged with PL 195.05, Obstructing Governmental Administration. ASHARAFAN received an Adjournment in Contemplation of Dismissal at the arraignment.

28. Defendants seized EDWARD's vehicle. To date, the vehicle has not been returned to EDWARD.

29. On the 30th day of July, 2014, Plaintiffs' Notices of Claim and Intention to sue were duly served upon and filed with the CITY; said Notices were filed within ninety (90) days after the cause of action herein accrued and set forth the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

30. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### IV. FIRST CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

31. Paragraphs 1 through 30 are hereby realleged and incorporated by reference herein.

32. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

33. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrests.

34. That Defendants violated Plaintiffs' Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

5

35. That at the time of the arrest or while in custody, Plaintiffs did not pose a threat to the safety of the arresting officers.

36. That Plaintiffs' were not actively resisting arrest or attempting to evade arrest.

37. That defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force while effectuating his arrest.

38. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

39. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

40. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiffs' civil rights, including but not limited to the right to be free from the application of excessive force.

41. That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

42. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

43. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

45. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## V. SECOND CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That Defendants failed to intervene when Defendants knew or should have known that Plaintiffs' constitutional rights were being violated.

48. That Defendants had a realistic opportunity to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in their presence.

49. That a reasonable person in the Defendants' position would know that Plaintiffs' constitutional rights were being violated.

50. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they failed to intervene to protect them from Defendants' violation of Plaintiffs' rights pursuant to Fourteenth Amendment of the United States Constitution.

51. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of Constitutional rights by police officers.

Thus, as a result of the above described policies and customs, Plaintiffs were not protected from Defendants' unconstitutional actions.

52. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

53. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

54. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiffs' rights alleged herein.

55. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

56. That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VI. THIRD CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

57. Paragraphs 1 through 56 are hereby realleged and incorporated by reference herein.

58. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

59. That at all times Defendants were acting within the scope of their employment.

60. That Defendant CITY was able to exercise control over Defendants activities.

61. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

IX. FOURTH CAUSE OF ACTION
Pursuant to State Law (ASSAULT and BATTERY)

62. Paragraphs 1 through 61 are hereby realleged and incorporated by reference herein.

63. That Defendants intended to cause harmful bodily contact to Plaintiffs.

64. That defendant Defendants, in a hostile manner, voluntarily caused Plaintiffs' injuries.

65. That Defendants' contact with Plaintiffs constituted a battery in violation of the laws of the State of New York.

66. That by reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to their reputations, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress and loss of love, services, consortium, affection, society and companionship.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from May 7, 2014 and

4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED: Brooklyn, New York
January 26, 2016

DAVID A. ZELMAN, ESQ.
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

To: Tobias Zimmerman, Esq.
New York City Law Department
100 Church Street
New York, NY 10007