UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— X

TINA ESPERANZA, REIGGE EDWARD, ASHA
ASHARAFAN, and LESLY BRIGGS

                               Plaintiffs,

     -against-

THE CITY OF NEW YORK, POLICE OFFICER
NINA MCKENZIE, Shield #25366, POLICE
OFFICER LAZO LLUKA, Shield #22410, POLICE
OFFICER TAISHA SKYERS-ANDERSON, Shield
#19146, SGT. ALFRED KELLEY, Shield #01974,
POLICE OFFICER ROBERT SCHMIDT, Shield #28045,
POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                              Defendants.

———————————————————————— X

**SECOND AMENDED
COMPLAINT**

PLAINTIFFS DEMAND
TRIAL BY JURY

Case No.: 15-CV-2612

     Plaintiffs TINA ESPERANZA, REIGGE EDWARD, ASHA ASHARAFAN, and

LESLY BRIGGS, for their amended complaint, by their attorney DAVID A. ZELMAN, ESQ.,

and upon information and belief respectfully allege as follows:

I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiffs TINA ESPERANZA (hereinafter

       "ESPERANZA"), REIGGE EDWARD (hereinafter "EDWARD"), ASHA

       ASHARAFAN (hereinafter "ASHARAFAN"), and LESLY BRIGGS (hereinafter

       "BRIGGS") seek damages to redress the deprivation, under color of state law, of rights

       secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United

       States Constitution. It is alleged that Defendants falsely arrested EDWARD and

       ASHARAFAN, and assaulted ESPERANZA and BRIGGS with excessive force. As a

       result of the excessive force used by Defendants, Plaintiffs suffered physical and mental

       injuries.

II. PARTIES

2.     Plaintiff ESPERANZA at all times relevant hereto resided in Brooklyn, NY.

3.     Plaintiff EDWARD at all times relevant hereto resided in Brooklyn, NY.

4.     Plaintiff ASHARAFAN at all times relevant hereto resided in Brooklyn, NY.

5.     Plaintiff BRIGGS at all times relevant hereto resided in Brooklyn, NY.

6.     Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation,

       incorporated pursuant to the laws of the State of New York, which operates the New

       York City Police Department (hereinafter "NYPD"), and as such is the public employer

       of the Defendant officers herein.

7.     Defendant POLICE OFFICER NINA MCKENZIE, Shield #25366 (hereinafter

       "MCKENZIE") was a NYPD police officer, and at all times relevant hereto, acted in that

       capacity as agent, servant, and/or employee of Defendant CITY and within the scope of

       their employment.  MCKENZIE is sued in her official and individual capacity.

8.     Defendant POLICE OFFICER LAZO LLUKA, Shield #22410 (hereinafter "LLUKA")

       was a NYPD police officer, and at all times relevant hereto, acted in that capacity as

       agent, servant, and/or employee of Defendant CITY and within the scope of their

       employment.  LLUKA is sued in his official and individual capacity.

9.     Defendant POLICE OFFICER TAISHA SKYERS-ANDERSON, Shield #19146

       (hereinafter "SKYERS") was a NYPD police officer, and at all times relevant hereto,

       acted in that capacity as agent, servant, and/or employee of Defendant CITY and within

       the scope of their employment.  SKYERS is sued in her official and individual capacity.

10.    Defendant SGT. ALFRED KELLEY, Shield #01974 (hereinafter "KELLEY") was a

       NYPD police officer, and at all times relevant hereto, acted in that capacity as agent,

servant, and/or employee of Defendant CITY and within the scope of their employment. KELLEY is sued in his official and individual capacity.

11.    Defendant POLICE OFFICER ROBERT SCHMIDT, Shield # 28045 (hereinafter "SCHMIDT") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  SCHMIDT is sued in his official and individual capacity.

12.    Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of his employment. DOE(S) are sued in his official and individual capacity.

13.    At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

III. <u>FACTS</u>

14.    On or about May 7, 2014, at approximately 4:00 p.m., EDWARD and BRIGGS were present in the vicinity of 1184 President Street, Brooklyn, NY.

15.    Defendant officers, including but not limited to MCKENZIE, LLUKA, and SKYERS, approached EDWARD, who was working on his vehicle. Defendants requested paperwork for the vehicle from EDWARD.

16.     EDWARD returned with the paperwork. Defendant officers told EDWARD he was going
        to be arrested and to call someone to get his children, or defendants would call ACS.
        EDWARD called ESPERANZA.

17.     Defendant officers used excessive force on EDWARD handcuffed him and put him in a
        police vehicle. EDWARD was transported to the 71st Precinct.

18.     ESPERANZA and ASHARAFAN arrived on the scene and ESPERANZA spoke with
        Defendant officers.

19.     Defendant officers used excessive force on plaintiffs.

20.     Defendant officers handcuffed ASHARAFAN and placed her in a police vehicle. Officers
        transported ASHARAFAN to the 71st Precinct.

21.     ASHARAFAN suffered injuries, including but not limited to her right leg, and required
        treatment at Methodist Hospital.

22.     BRIGGS suffered injuries, including but not limited to his left leg, and required treatment
        at Kings County Hospital.

23.     EDWARD and ASHARAFAN were detained in the 71st Precinct for approximately ten
        hours.

24.     While at the 71st Precinct, Officers had a male prisoner strip in front of ASHARAFAN, a
        minor at that time, in an open bathroom stall next to the holding cell ASHARAFAN was
        in.

25.     EDWARD and ASHARAFAN were brought to Central Booking, where they were
        detained for approximately 15 hours prior to being arraigned.

26.     EDWARD was charged with TR 4-08, Illegal Parking, and VTL 402.1, Illegal Plates.
        EDWARD received an Adjournment in Contemplation of Dismissal at the arraignment.

27.   Upon information and belief, ASHARAFAN was charged with PL 195.05, Obstructing

Governmental Administration. ASHARAFAN received an Adjournment in

Contemplation of Dismissal at the arraignment.

28.   Defendants seized EDWARD's vehicle. To date, the vehicle has not been returned to

EDWARD.

29.   On the 30th day of July, 2014, Plaintiffs' Notices of Claim and Intention to sue were duly

served upon and filed with the CITY; said Notices were filed within ninety (90) days

after the cause of action herein accrued and set forth the nature of the claim, the time

when, the place where, the manner in which the claim arose and the items of damage and

injuries sustained.

30.   That at least thirty (30) days have elapsed since the demand or claim upon which these

actions are predicated was presented to CITY for adjustment or payment thereof and that

it has neglected and/or refused to make adjustment or payment thereof.

IV. <u>FIRST CAUSE OF ACTION</u>
Pursuant to § 1983 (FALSE ARREST)

31.   Paragraphs 1 through 30 of this complaint are hereby realleged and incorporated by

reference herein.

32.   That Defendants had neither valid evidence for the arrest of Plaintiffs nor legal cause or

excuse to seize and/or detain them.

33.   That in detaining Plaintiffs without a fair and reliable determination of probable cause,

Defendant CITY abused its power and authority as a policymaker of the NYPD under the

color of State and/or local law. It is alleged that CITY, via their agents, servants and

employees routinely charged persons with crimes they did not commit. Plaintiffs were

but two of those persons.

34.   Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

35.   As a result of the above described  policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.  In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

36.   The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

37.   By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

38.   By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

V. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

39.   Paragraphs 1 through 38 are hereby realleged and incorporated by reference herein.

40.    That the seizures, detentions and imprisonments of Plaintiffs were unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

41.    That Defendants intended to confine Plaintiffs.

42.    That Plaintiffs was conscious of the confinement and did not consent to it.

43.    That the confinements were not otherwise privileged.

44.    By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiffs' rights, deprived his of his liberty when they subjected his to an unlawful, illegal and excessive detention, in violation of State law.

45.    That by reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

VI. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

46.    Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47.    That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

48.    That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrests.

49.    That Defendants violated Plaintiffs' Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

50.    That at the time of the arrest or while in custody, Plaintiffs did not pose a threat to the safety of the arresting officers.

51.    That Plaintiffs' were not actively resisting arrest or attempting to evade arrest.

52.   That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force while effectuating his arrest.

53.   That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

54.   That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

55.   That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiffs' civil rights, including but not limited to the right to be free from the application of excessive force.

56.   That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

57.   That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

58.   That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

59.     That the above described policies and customs demonstrate a deliberate indifference on

        the part of the policymakers of defendant CITY to the constitutional rights of arrestees

        and were the cause of the violations of Plaintiffs' rights alleged herein.

60.     By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries,

        emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation,

        and other psychological injuries. All of said injuries may be permanent.

VII. <u>FOURTH CAUSE OF ACTION</u>
Pursuant to §1983 (FAILURE TO INTERVENE)

61.     Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62.     That Defendants failed to intervene when Defendants knew or should have known that

        Plaintiffs' constitutional rights were being violated.

63.     That Defendants had a realistic opportunity to intervene on behalf of Plaintiffs, whose

        constitutional rights were being violated in their presence.

64.     That a reasonable person in the Defendants' position would know that Plaintiffs'

        constitutional rights were being violated.

65.     That by reason of Defendants' acts and omissions, Defendants, acting under the color of

        state law and within the scope of their authority, in gross and wanton disregard of

        Plaintiffs' rights, deprived Plaintiffs of their liberty when they failed to intervene to

        protect them from Defendants' violation of Plaintiffs' rights pursuant to Fourteenth

        Amendment of the United States Constitution.

66.     That upon information and belief, Defendants had a policy and /or custom of failing to

        intervene to protect citizens from violations of Constitutional rights by police officers.

        Thus, as a result of the above described policies and customs, Plaintiffs were not

        protected from Defendants' unconstitutional actions.

9

67. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

68. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

69. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiffs' rights alleged herein.

70. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

71. That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FIFTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

72. Paragraphs 1 through 71 are hereby realleged and incorporated by reference herein.

73. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

74. That at all times Defendants were acting within the scope of their employment.

75. That Defendant CITY was able to exercise control over Defendants activities.

76.     That Defendant CITY is liable for Defendants actions under the doctrine of respondeat
        superior. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries,
        emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation,
        and other psychological injuries.  All of said injuries may be permanent.

### IX. SIXTH CAUSE OF ACTION
Pursuant to State Law (ASSAULT and BATTERY)

77.     Paragraphs 1 through 76 are hereby realleged and incorporated by reference herein.

78.     That Defendants intended to cause harmful bodily contact to Plaintiffs.

79.     That defendant Defendants, in a hostile manner, voluntarily caused Plaintiffs' injuries.

80.     That Defendants' contact with Plaintiffs constituted a battery in violation of the laws of
        the State of New York.

81.     That by reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries,
        emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation,
        and other psychological injuries.  All of said injuries may be permanent.

### X. SEVENTH CAUSE OF ACTION
Pursuant to §1983 (DUE PROCESS VIOLATION)

82.     Paragraphs 1 through 81 of this complaint are hereby realleged and incorporated by
        reference herein.

83.     That Defendants confiscated the vehicle and the possessions contained therein and
        continue to maintain possession of these items despite protests from EDWARD and/or
        ESPERANZA, the owner of this property.

84.     That Defendants did not provide notice that the vehicle was confiscated.

85.     That Defendants did not provide an opportunity to be heard to EDWARD and/or
        ESPERANZA following the seizure of his vehicle.

86.    That said confiscation constituted a seizure of EDWARD and/or ESPERANZA's private property.

87.    That EDWARD and/or ESPRANZA was deprived of his personal property without being afforded notice or any procedural means with which to regain his property.

88.    By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of EDWARD and/or ESPERANZA's rights, seized EDWARD and/or ESPERANZA's personal property without providing due process under the law, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United State Constitution and the law of the State of New York.

89.    Defendant CITY continues to maintain possession of these items, including the vehicle.

90.    EDWARD and/or ESPERANZA have been deprived of the full value of his belongings and vehicle without due process of law or just compensation.

XI. EIGHTH CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

91.    Paragraphs 1 through 90 are hereby realleged and incorporated by reference herein.

92.    That Defendants had no legal cause nor excuse to detain Plaintiff for a prolonged period prior to arraignment.

93.    That Defendants detained Plaintiffs excessively prior to arraignment in violation of Plaintiffs' civil rights.

94.    That Defendants detained Plaintiffs with ill will and/or negligently.

95.    That Defendants should have expeditiously investigated this matter and released Plaintiffs.

12

96.    By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

97.    That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

98.    That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

99.    That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

100.   That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

101.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

102.    That Defendant, through its officers, agents and employees, unlawfully incarcerated

Plaintiff for an excessive period of time prior to arraignment.

103.    By reason of the foregoing, Plaintiffs suffered mental injuries, economic injury,

deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and

other psychological injuries. All of said injuries may be permanent.

XII. <u>NINTH CAUSE OF ACTION</u>
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

104.    Paragraphs 1 through 103 are hereby realleged and incorporated by reference herein.

105.    Defendants negligently and/or intentionally failed to arraign Plaintiffs promptly

following their arrest as required by New York State and Federal laws, rules, regulations

and statutes.

106.    Said failure to promptly arraign Plaintiffs caused his arrest to be void ab initio.

107.    As a result of the above constitutionally impermissible conduct, Plaintiffs was caused to

suffer personal injuries, violation of civil rights, economic damages, emotional distress,

anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and

standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will

continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience,

injury to their reputations, loss of enjoyment of life, loss of liberty and other non-pecuniary losses.

Plaintiffs have further experienced severe emotional and physical distress and loss of love,

services, consortium, affection, society and companionship.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1.    Awarding Plaintiffs compensatory damages in a full and fair sum to be determined

14

by a jury;

2.      Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3.      Awarding Plaintiffs interest from May 7, 2014 and

4.      Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC § 1988; and

5.      Granting such other and further relief as to this Court deems proper.

DATED:      Brooklyn, New York
            March 22, 2016

                                        DAVID A. ZELMAN, ESQ.
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718)604-3072

To:     Tobias E. Zimmerman, Esq.
        New York City Law Department
        100 Church Street
        New York, NY 10007

15