

ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

TOBIAS E. ZIMMERMAN
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

June 16, 2016

**VIA ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Tina Esperanza, et al. v. City of New York, et al.
                15-CV-2612 (WFK) (PK)

Your Honor:

      I am the Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent the Defendants in the above-referenced matter. Defendants write to oppose the remaining issues raised in Plaintiffs' Letter Motion dated June 2, 2016 (Docket Entry No. 30). Plaintiffs' letter motion sought two forms of relief still at issue: (1) an order compelling Defendants to identify additional officers "who responded to the scene of the incident"; and (2) leave to amend the complaint to add a new claim for a strip search of Plaintiff Reiggie Edward. The other issues raised in Plaintiffs' Letter Motion were resolved by the Court's Orders dated June 6 and June 13, 2016.

### Motion to Compel Response to Document Demand No. 23

      Plaintiffs ask the Court "to compel both a full and complete response to plaintiff's [sic] demand #23." Ptfs.' Ltr. at 3. The Court should deny this portion of Plaintiffs' motion for the very simple reason that it seeks to compel an *interrogatory response* to what was propounded as a *document demand*.

      As Plaintiffs admit, they served "*document demands*" on the City, which included the following:

> 23.    Provide the name, address, shield# and precinct of any officers who defendants believe were present at the time and location of the Plaintiffs' arrest or were otherwise involved in the arrest and/or subsequent investigation.

See Plaintiffs' First Set of Document Demands, attached hereto as Exhibit "A".[1] The Defendants responded as follows:

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

> Defendants object to Document Request No. 23 on the grounds that it is vague and ambiguous, duplicative, overbroad, not sufficiently limited in time or scope, and to the extent it seeks information not relevant to the subject matter of this lawsuit nor proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiffs. *Defendants further object that this Document Request is improper under Rule 34 of the Federal Rules of Civil Procedure.* Notwithstanding, and without waiving or in any way limiting, these objections or the General Objections, defendants refer plaintiffs to Defendants' Rule 26(a)(1)(A) Initial Disclosures, dated November 5, 2015, and the documents annexed thereto.

(emphasis added). Defendants maintain these objections, and the Court should analyze the instant motion under Rule 34 of the Federal Rules of Civil Procedure, which is the device that Plaintiffs elected to use.

Insofar as Plaintiffs' Document Demand #23 can be read to request production of a list of all of the police officers who "defendants believe were present" at or near 1188 President Street on May 7, 2014, no such document exists.[2] Thus, Defendants have already provided a "full and complete response" to this demand.

Nor can Plaintiffs demand the creation of a document that does not already exist. See, e.g., Alexander v. FBI, 194 F.R.D. 305, 310 (D.D.C. 2000) ("Rule 34 only requires a party to produce documents that are already in existence."); Williams v. City of Hartford, 2016 U.S. Dist. LEXIS 57709, at *51 (D. Conn. May 2, 2016) (citing 7 James Wm. Moore, et al., Moore's Federal Practice §30.12[2] (3d ed. 2014) ("A party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce documents that are already in existence.")); Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co., 576 F. Supp. 511, 513 (W.D. Pa. 1983) (citing Soetaert v. Kansas City Coca Cola Bottling Co., 16 F.R.D. 1, 2 (W.D.Mo. 1954)). Defendants are under no obligation to create a document solely

---

[1] Defendants recognize that Local Civil Rule 5.1 disfavors attaching Plaintiffs' demands in their entirety. However, Defendants believe that the entire document is relevant to the Court's consideration of this issue because it demonstrates that Plaintiffs' discovery was clearly framed as requests for production under Rule 34, and *not* Rule 33 Interrogatories. The discovery Plaintiffs' served instructs Defendants to "furnish all documents, as such term is defined in the Federal Rules, that are in Defendants' possession or control[.]" Exhibit A at 1. Moreover, the demands include twenty-nine (29) separate paragraphs, which would exceed the limit on interrogatories set forth in Rule 33(a).

[2] One of the significant problems with this discovery demand is its lack of specificity, particularly with respect to time and place.

for the purpose of responding to Plaintiffs' discovery demand, and cannot be compelled to do so under Rule 34.

Plaintiffs also erroneously assert that Rule 26(a) requires Defendants to identify every officer "who responded to the scene of the incident[.]" Ptfs.' Ltr. at 2. This ignores the plain language of that rule, which requires the disclosure of "each individual likely to have discoverable information . . . that [Defendants] *may use to support* [their] claims or defenses". Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). At this time, Defendants have identified, in their initial disclosures, each of the individuals who they believe to have discoverable information and who they may seek to call at trial; Defendants are *not* aware of any additional officers who they "may use to support" their defenses. Should Defendants later identify additional officers who they may seek to call at trial, they will certainly supplement their initial disclosures as required under Rule 26(e).

The Court should therefore deny Plaintiffs' motion to compel information that is neither in the form of an existing document responsive to Plaintiffs' Rule 34 requests nor covered by automatic disclosure requirements of Rule 26(a)(1).

**Leave to Amend**

Plaintiffs' request for leave to amend their Complaint pleading to add a claim that Plaintiff Reiggie Edward was strip searched at the 71st Precinct. Defendants object to the proposed amendment as not only untimely, but also because it clearly seeks to amend for the purpose of adding a frivolous claim that was only recently "discovered" despite the fact that Plaintiff Edward would have been in possession of the relevant facts all along.

First, the Scheduling Order in this matter established February 13, 2016, as the deadline for joinder of new parties and motions to amend the pleadings. See ECF No. 13 at 3(b) & (c). Plaintiffs offer no good cause to amend the scheduling order to permit this belated amendment.

Plaintiffs' admit that the currently operative pleading, the Second Amended Complaint (ECF No. 23), contains "no specific reference to the strip search of plaintiff Edwards[sic]." Ptfs.' Ltr. at 3. However, according to Plaintiffs' counsel, Plaintiff Edward testified at his deposition on May 31st "that following his arrest . . . he was strip searched at the precinct by an officer wearing no gloves who manipulated his genitals and required him to squat naked, presumably to see if he was secreting contraband." Id. Other than Edward's testimony at the deposition, there is absolutely no evidence that this ever occurred. Moreover, given Edward's previous, wholly contradictory testimony, Defendants believe that Plaintiff's counsel would likely violate Rule 11(b) were he to sign a pleading including such a claim.

At a hearing conducted on December 29, 2014, pursuant to N.Y. Gen. Mun. Law § 50-H, Plaintiff Edward gave the following testimony:

> Q: Were you searched at the precinct?
>
> A: Yes.
>
> Q: Was that search with your clothing on or off?

- 3 -

> A: Off, *but except for my boxers.*

Edward 50-H Hr'g Tr. at 18:12–16, attached hereto as Exhibit "B" (emphasis added). On May 31st, Plaintiff Edward was deposed in this matter and initially testified in a manner consistent with his previous testimony:

> Q: They took the handcuffs off and they led you into the bathroom?
> 
> A: Yes.
> 
> Q: Then what happened?
> 
> A: I was allowed to take my clothes off.
> 
> Q: You did that?
> 
> A: Yes.
> 
> Q: All of them?
> 
> A: Yes, *except my boxers.*
> 
> Q: Except for your boxers and then what?
> 
> A: Um, the officer kept some of my clothes and left me one shirt and my pants.
> 
> Q: Did he search you once you had your clothes off, *did they search your body*?
> 
> A: *I can't remember.*
> 
> Q: Did they search your clothes?
> 
> A: Yes.

Edward Dep. Tr. at 55:01–17, attached hereto as Exhibit "C" (emphasis added). A short time later, defense counsel called a short break in the deposition, during which time Plaintiffs' counsel conferred with Mr. Edward in a separate room. See id. at 78:07–10.

Following the break, Defendants' counsel began questioning Plaintiff Edward on the specific allegations in the Second Amended Complaint, which had been marked as Exhibit A to the deposition. See id. at 79:06ff. When asked about what force was used against him, Plaintiff volunteered that he was "forced to strip". Id. at 80:01-02. Defense counsel began to follow-up on this when Plaintiffs' counsel, Mr. Zelman, interrupted and began examining his own client, producing the following, simply astonishing exchange:

> MR. ZELMAN: Can I clarify something? He said did anybody place their hands on you?
> 
> THE WITNESS: Yes.
> 
> MR. ZELMAN: During the search, were you touched?
> 
> THE WITNESS: *No.*

- 4 -

>   MR. ZELMAN: That was the question.
>
>   THE WITNESS: *Yes, during the search, I was touched.*

Edward Dep. Tr. at 80:16–24 (emphasis added). Defendants' counsel reasserted control and began exploring these new details, see id. at 80:25–81:12, only to be again interrupted by Mr. Zelman, who once more steered Plaintiff back to what was clearly a previously discussed script:

>   MR. ZELMAN: Were you required to be fully naked?
>
>   THE WITNESS: Yes. Asked to bend over and to open up my butt crack.

Edward Dep. Tr. at 81:13–16. Immediately after this final "fact" had been placed on the record, Mr. Zelman announced, for the first time, his intention to amend the complaint to add a strip search claim. See id. at 81:20–22 ("Just for the record, the Amended Complaint is ambiguous. We do make a strip-search claim on behalf of Mr. Edward.").

Upon the conclusion of defense counsel's direct examination, Mr. Zelman immediately returned to this newly "discovered" strip search which Plaintiff Edward had apparently never mentioned in the two years since the date in question. Once again, with the prompting of questions from his own attorney, Mr. Edward suddenly "remembered" additional details theretofore untold:

>   EXAMINATION BY MR. ZELMAN:
>
>   Q: You get strip-searched; correct?
>
>   A: Yes.
>
>   Q: Were you required to take off all of your clothes?
>
>   A: Yes.
>
>   Q: How long did you have all of your clothes off?
>
>   A: Less than three minutes at the most.
>
>   Q: When you did that, describe what the officer did when you had all of your clothes off.
>
>   A: He grabbed a half of my balls to make sure that I didn't have anything underneath my balls.
>
>   Q: Did he have gloves on at the time?
>
>   A: Yes. And then he made me bend over and spread my butt cheeks.

Edward Dep. Tr. at 98:17-99:07.

It could not be more clear that the strip search claim Plaintiffs are seeking to add was manufactured out of whole cloth during a break in Plaintiff Edward's deposition. Allowing Plaintiffs to add this claim, and forcing Defendants to answer and defend against it, would be manifestly unfair. It is not lightly that Defendants suggest not only that Mr. Edward perjured

himself, but also that his counsel, David Zelman, Esq., blatantly suborned that perjury.[3]  Sadly, such conduct is not unheard of in § 1983 cases against the City.  See, e.g., Martin v. Giordano, No. 11-CV-4507 (ARR) (JO), 2016 U.S. Dist. LEXIS 61007, at *68–69 (E.D.N.Y. May 9, 2016) (awarding fees and publicly reprimanding two attorneys); Jimenez v. City of New York, 2015 U.S. Dist. LEXIS 165359, at *14-21 (S.D.N.Y. Dec. 9, 2015) (Scheindlin, J.) (sanctioning plaintiffs' counsel for submitting a fraudulent affidavit in support of summary judgment), reconsideration denied by 2016 U.S. Dist. LEXIS 14634.  See also Shapira v. Charles Schwab & Co., 02 Civ. 0425 (LAK), 2002 U.S. Dist. LEXIS 3905, at *3-4 (S.D.N.Y.) (finding conduct by counsel David Zelman to have been "improper" but not technically in violation of Rule 11 because the offending document was filed in state court).

Furthermore, a belated attempt to amend a pleading to add a claim that could have been plead at the outset is apparently a tactic used by Mr. Zelman in cases where the City has exhibited a reluctance to settle.  See Debrosse v. City of New York, No. 13-CV-3822 (AMD) (CLP), 2016 U.S. Dist. LEXIS 69507, at *2 (E.D.N.Y. May 25, 2016) (denying leave to amend to add a defendant whose identity had been disclosed at the outset of the litigation).  Here, Plaintiffs make the specious contention that "defendants were aware of [the strip search] prior to this litigation", Ptfs.' Ltr. at 3, even though Plaintiffs have yet to identify any of the individual defendants as having allegedly conducted that search.  See Edward Dep. Tr. at 81:05-12 (unable to recall whether it was one of the officers present during his arrest who allegedly conducted the strip search).  At the same time, whether or not any of the named Defendants were aware of a strip search, Plaintiff Reiggie Edward *definitely* was aware of whether or not he was strip searched.  Yet, Plaintiffs offer no explanation for why this claim was not included from the outset.

To the extent the Court is inclined to grant Plaintiffs' motion to amend, Defendants note that the statute of limitations bars Plaintiffs from adding any new claims under state law.  Moreover, Plaintiffs are also precluded from asserting any state law claim that was not previously set out in their Notice of Claim, which made no mention of any strip search.  Finally, Defendants state, for the record, that they are reserving all rights to pursue prevailing party costs and fees as well as sanctions against both Plaintiffs and Plaintiffs' counsel in connection with any claim that is subsequently found to have been pleaded without merit, frivolous, and/or asserted for any improper purpose.

For the foregoing reasons, the Court should (1) deny Plaintiffs' motion to compel production of a non-existent document; and (2) deny Plaintiffs' motion to amend to add a claim that is patently false.

---

[3] Other significant portions of Mr. Edward's deposition testimony are also plainly contradicted by a video that was only belatedly obtained by Plaintiffs' counsel, calling Mr. Edward's credibility further into question.

Defendants thank the Court for its attention to this matter.

                          Respectfully submitted,

                          Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc:    David A. Zelman, Esq. **(via ECF)**
       *Attorney for Plaintiffs*